## CLEMENT E. BEEBE, Appellant, *v.* CYRUS PYLE, Respondent.

*It seems* that a mere inadvertent mistake, made by a bankrupt in stating the amount of a debt, will not avoid, as to the creditor, a composition made under and in pursuance of the act of Congress of June, 1874 (§ 17), amending the Bankrupt Act.

In making a statement of his debts under said act, it is immaterial to what time the interest on the debts is computed, provided interest on all the debts is computed to the same time.

In a statement made for the purpose of a composition under said act, the bankrupt stated a debt due plaintiff at an amount greater than the sum actually due thereon at the time of filing the petition in bankruptcy. A composition was perfected in pursuance of the provisions of said act, and the amount tendered to plaintiff. In an action brought to recover the debt, *held,* that in the absence of evidence that the statement included, in the debts shown, any interest after the filing of the petition, the plaintiff failed to show any under-statement of his claim, or error of which he could complain; and that the composition was a bar to a recovery.

(Argued September 24, 1877; decided October 2, 1877.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment entered upon a decision of the court on trial without a jury.

This action was brought upon a judgment rendered April 16, 1874, in favor of plaintiff against defendant. The defense was that the judgment was satisfied, and the judgment discharged by virtue of a composition in bankruptcy proceedings instituted before the commencement of the action, resulting in the judgment sued upon.

The court found, in substance, among other things, the following: A petition in bankruptcy was filed against defendant in March, 1874. In October, 1874, defendant duly made in the bankruptcy proceedings an offer of twenty per cent. in composition of his debts, and filed a petition for a meeting of his creditors to consider the offer, to which was annexed a statement of his debts. A meeting of the creditors was duly called, defendant presented a statement purporting to show the whole amount of his debts, giving the names and addresses of his creditors, and the amount due each. The amount of plaintiff's claim was stated at $1,207.43. A resolution was adopted by the required number of creditors, and was confirmed by the requisite signatures, which resolution and statement were presented to the court upon due notice, and an order granted directing the recording of the resolution and filing of the statement, and that defendant within ten days after entry of the order, pay to the creditors the percentage offered upon their claims, and the deposit of the shares of such of the creditors as should decline to receive the same. Defendant tendered to plaintiff the twenty per cent., which the latter refused to receive, and the same was deposited in pursuance of the order.

By the verdict in the action upon the judgment in which this action was brought, it appeared that the amount due plaintiff was $1,144.45, with interest from August 29, 1873.

*J. T. Marean*, for appellant. The amount of the debt in this case for the purposes of a composition included interest to the date of the meeting of the creditors. (*In re Hagan*, 10 N. B. Reg., 383; *Sloan* v. *Lewis*, 12 id., 173; *Ex parte Rooke*, 1 Atk., 244; 4 Evans' Stats., 407, § 49; id., 423,

§ 129.) Plaintiff was entitled to recover unless, it affirmatively appeared that the judgment sued upon had been extinguished by the composition proceedings. (*Stoddard* v. *Whiting*, 46 N. Y., 627; *Jackson* v. *Andrews*, 59 id., 244.)

*John D. Taylor*, for respondent. Plaintiff's action is barred by the proceeding in bankruptcy, and the composition made by defendant with his creditors. (U. S. R. S., 103a, § 5; *In re Becket*, 12 B. R., 201; *Black* v. *McClelland*, 12 N. B. R., 481; *Rens. Glass Factory* v. *Reid*, 5 Cow., 610, 614; *Pease* v. *Barber*, 3 Cai. R., 266; *Law* v. *Jackson*, 2 Wend., 209; *Fake* v. *Eddy*, 15 id., 76; *Lanning* v. *Swarts*, 9 How. Pr., 434; *Port Huron Dry Dock Co.*, 14 B. R., 253.) In bankruptcy the rights of parties are adjusted as of the date of filing the petition. When the debt draws interest and is due, interest may be computed to that date; but if not due, there must be a rebate of interest from that date to maturity of the debt. (Bump's L. & Pr. (9th ed.), 82, 213, 504; *In re Crawford*, B. R., 171; *Archer* v. *Brown*, 8 N. B. R., 429; *In re Preston*, 5 id., 293; *Gardner* v. *Cook*, 7 B. R., 346; *In re Vickery*, 3 id., 696, 698; *In re Rosey*, 8 id., 509; 3 id., 584; *Sanford* v. *Sanford*, 58 N. Y., 67; *Spellington* v. *Howland*, 53 id., 371, 374; *Mills* v. *Davis*, 10 N. B. R., 340; *In re Wyman*, 4 id., 5; *In re Smith*, 3 id., 81; 2 id., 20; *Munroe* v. *Upton*, 50 N. Y., 593; *Clark* v. *Rowling*, 3 id., 216; *Fowler* v. *Dillon*, 12 B. R., 308.) The bankrupt act being highly remedial, should be liberally construed. (*Dresser* v. *Brooks*, 3 Barb., 429; *In re Locke*, 2 B. R., 123; *In re Trafton*, 14 N. B. R., 507; *Reiman* v. *Friedlander*, 11 B. R., 21; 13 id., 28.) Discrepancies, errors and omissions, unless intentional or fraudulent, should be disregarded. (2 id., 124; 3 id., 47; 8 id., 494; *Platt* v. *Parker*, 11 N. Y. [S. C. R.], 135; *In re Clough*, 2 B. R., 151; *Holmes* v. *Lissberger*, 12 id., 86; *In re Lathrop*, 3 id., 413; *Ex parte Hodgkinson*, 2 N. Y. W'kly Dig., 409.) The Bankruptcy Court having considered and overruled plaintiff's objection, it is *res adjudicata*. (*Tuska* v. *O'Brien*, 4 N. Y. W'kly Dig.,

No. 8; *In re Sawyer*, 14 B. R., 241.) The final order rati-
fying the composition is equivalent to a discharge in bank-
ruptcy, and cannot be impeached or reviewed in a State
court. (Bankrupt Act, § 34; *In re Beckett*, 12 N. B. R.,
200; *McLean* v. *Pollock*, N. Y. Tribune, Oct. 18, 1875;
*Smith* v. *Engle*, 9 Chicago L. N., 46; *Ocean Nat. Bk.* v.
*Olcott*, 46 N. Y., 12; *Stone* v. *Naisbaum*, 47 How. Pr., 489;
9 N. B. R., 74; 8 id., 494; *Miller* v. *Mackenzie*, 13 B. R.,
496.)

EARL, J.   Section 17 of the act of Congress of June 22,
1874, amending the bankrupt laws, provides for a composi-
tion of a bankrupt with his creditors.   A meeting of the
creditors may be called under the direction of the court, and
they may resolve that a composition proposed by the debtor
shall be accepted in satisfaction of the debts due to them.
The debtor is required to produce to such meeting a state-
ment showing the whole of his assets and debts, and the
names and addresses of his creditors.   The resolution of the
creditors and such statement of the debtor must be presented
to the court, and the court shall upon notice to all the cred-
itors, and upon hearing, inquire whether such resolution has
been properly passed; and if satisfied as specified in the act,
it shall cause the resolution to be recorded and the statement to
be filed, and the composition when perfected "shall be binding
on all the creditors whose names and addresses, and the
amounts of the debts due to whom are shown in the state-
ment," but shall not affect or prejudice the rights of any
other creditors.

Under the provisions of this act, the defendant made a
composition with his creditors, which he claims and the court
below held to be a bar to any recovery in this action.   The
only objection the plaintiff makes to the validity of the com-
position as affecting his claim is that, in the statement pre-
sented at the meeting of his creditors, the defendant under-
stated the amount of the claim.

There is nothing to show that the alleged under-statement

was for any fraudulent purpose, and we must assume that if in fact there was such under-statement, it was by mistake or inadvertance. It may well be doubted whether there was such under-statement. At the meeting of the creditors the debtor makes his own proposition. He names the sum he is willing to pay as a composition with his creditors, and makes a statement of the debts upon which he offers to pay.

It is important that the debts should be stated with substantial accuracy, but it matters not to what time the interest on the debts is computed, provided the interest on all the debts be computed to the same time. He may compute the interest on the debts to the time of filing the petition against him in bankruptcy, and offer to pay a percentage upon the amount of debts thus shown, or he may take any later date for the computation of interest; and, so far as I can perceive, there would be a substantial compliance with the law, and no injustice would be done to any creditor.

Here the amount stated to be due the plaintiff was $1,207.43, which was more than the amount actually due him, as subsequently established by the verdict of a jury, at the time of filing the petition. It does not appear that the statement produced at the meeting of the creditors included, in the debts shown, any interest subsequent to the filing of the petition; and hence no injustice was done, or error committed, of which plaintiff can complain.

But an inadvertent mistake in the amount of the debt would not, in my opinion, avoid the composition as to any creditor. The debtor, and all his creditors whose names and debts appear in the statement, and who are properly served with notice, are the parties to the proceedings in the Bankrupt Court. Such creditors have the right to appear, and be heard; and if the amount of any debt is not accurately stated, it must be corrected in that court, which has ample power at all times to make corrections, and to relieve against inadvertent mistakes.

It must frequently be the case that a debtor, having

numerous creditors, will be unable to state accurately the amounts due to them. His debts may be unliquidated, or in dispute; and the time from which interest should be computed may be uncertain. The provision as to composition would, in many cases, fail of its beneficent purpose, if, in such cases, the debtor is required to state the amount of his debts, with absolute accuracy, at the peril of losing the benefit of his composition.

It is true that the law requires that he shall produce, to the meeting of his creditors, a statement of his debts; and that it provides, also, that the composition shall be binding on all the creditors whose names and address, and "the amounts of the debts due to whom are shown in the statement." But it is *his* statement of the debts, as he believes them to exist, which the law requires, and all that can be exacted of him is, that he make it as accurate as, in good faith, he can; and the composition is binding upon the creditors, the amounts of whose debts are thus stated.

It is provided in the law, that " any mistakes made inadvertently by a debtor, in the statement of his debts, may be corrected, upon reasonable notice, with the consent of a general meeting of his creditors." The mistake here meant, is some material mistake, as the entire omission of some debt, or of the name of some creditor. It cannot be supposed that it was intended that there should be a formal meeting of the creditors, for the purpose of correcting a mistake of a few dollars, or a few cents, in the amount of some debt.

I am, therefore, of opinion that the composition was binding upon the plaintiff, and that the judgment should be affirmed.

All concur.

Judgment affirmed.